Don **CAMPBELL**, also known as Donald Lee, Plaintiff–Appellee,

v.

John B. **GROVES**, Charles Williams, and Howard A. Peters, III, Defendants–Appellants.

Nos. 01–1426, 01–1851.

United States Court of Appeals, Seventh Circuit.

Submitted April 10, 2001.

Decided July 10, 2001.

Before RIPPLE, DIANE P. WOOD, and EVANS, Circuit Judges.

## ORDER

Plaintiff Don Campbell sued several prison officials under 42 U.S.C. § 1983, seeking compensatory and punitive damages as well as attorney's fees for alleged deprivations of his Eighth and Fourteenth Amendment rights. On October 7, 1998, the jury returned a verdict in favor of Campbell on his Eighth Amendment claims against defendants John Groves, Charles Williams, and Howard Peters. After the district court denied their motion for judgment as a matter of law, these defendants appealed to this court (No. 99–3775).

While their appeal was pending, Campbell moved for attorney's fees pursuant to 42 U.S.C. § 1988, and on January 23, 2001, the district court awarded him $45,550.48 in attorney's fees. On February 22, 2001, the defendants filed the appeal in No. 01–1426 from the fee award. Later, on March 15, 2001, the district court awarded Campbell $8,829.21 in fees for time spent litigating the fee petition. On April 9, 2001, the defendants filed their appeal in No. 01–1851 from that order.

In an opinion issued today, we have reversed the jury verdict in favor of Campbell and remanded the case to the district court to enter judgment as a matter of law in favor of Groves, Peters, and Williams, on the ground that they were entitled to qualified immunity. In light of this outcome, the district court's awards of attorney's fees must also be reversed. See *Pardo v. Hosier*, 946 F.2d 1278, 1285 (7th Cir.1991) ("When a judgment on which an award of attorney's fees to the prevailing party is based is reversed, the award, of course, falls with it."), quoting *Palmer v. City of Chicago*, 806 F.2d 1316, 1320 (7th Cir.1986). Both fee awards are hereby VACATED and the case is REMANDED for entry of judgment consistent with this order.